```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LAQUAN DEVOTA HARRIS,

                    Plaintiff,                              **MEMORANDUM AND ORDER**
                                                            19-CV-5714 (AMD) (LB)
       -against-

MICHAEL GIORGIO; ANTHONY J. FABLANO;
MARK R. DEFAZIO; MARTY PARIS; RUSLAN
LLISHAYEV; SAM GROSSBERGER,

                    Defendants.
------------------------------------------------------------------x
```

**ANN M. DONNELLY,** United States District Judge:

On October 7, 2019, *pro se* plaintiff LaQuan D. Harris brought this action under 28 U.S.C. § 1331 alleging that the defendants stole funds from his bank account. (ECF No. 1.)[1] The plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is granted solely for the purposes of this Order. For the reasons that follow, the complaint is dismissed. The plaintiff is granted 30 days leave from the entry of this Order to file an amended complaint.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A district court has the inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000).

---

[1] The Court refers to the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

1

Although *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), a complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A *pro se* plaintiff must also "still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005). If subject matter jurisdiction is absent, the district court must dismiss the complaint regardless of the merits of the underlying action. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F. 3d 1182, 1188 (2d Cir. 1996); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

## DISCUSSION

### A. Rule 8

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of his claim against each defendant. *See Ashcroft v. Iqbal*, 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). A plaintiff must provide enough facts to allow the defendant to understand what the plaintiff is complaining about and whether there is a legal basis for recovery. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

In his complaint, the plaintiff names individual defendants who appear to be executive officers and employees of Metropolitan Commercial Bank, and claims that in September 2019, bank employees stole $1,698 from his account and prevented him from accessing funds in his

account. (*Id.* at 5.) The plaintiff states that he is entitled to "$75,000 dollar [*sic*] from each defendant from the Metropolitan Commercial Bank." (*Id.* at 6.) But apart from these assertions, the complaint does not describe the basis for the plaintiff's federal cause of action against the named defendants, let alone the defendants' involvement in the allegations set forth in the complaint. Thus, the complaint fails to satisfy the requirements set out in Rule 8.

### A. Subject Matter Jurisdiction

Federal courts do not have jurisdiction over every kind of case. Federal jurisdiction exists only where the action presents a federal question, or where the parties are of diverse citizenship—meaning that they are citizens of different states—and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331-32. "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). To assert federal question jurisdiction—as the plaintiff has alleged here—the pleadings must set forth "a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

The plaintiff brings this action under the Court's federal question jurisdiction, but his complaint does not raise any colorable claim with a basis in federal law. *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 12 (2003) (the "well-pleaded-complaint rule" provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Even reading the *pro se* complaint liberally, there are no facts suggesting the existence of a federal claim. The complaint alleges that $1,698 was improperly debited from the plaintiff's bank account at Metropolitan Commercial Bank (ECF No. 1 at 6); the plaintiff claims that bank employees stole the funds from his account and kept him from

3

getting access to the money in his account. (*Id.* at 5.) The complaint does not raise a federal question under 28 U.S.C. § 1331.

The plaintiff does not invoke diversity jurisdiction and there is no allegation that the parties are of diverse citizenship. Additionally, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). Although the plaintiff seeks $75,000 from each defendant, he alleges that only $1,698 was improperly debited from his bank account. The plaintiff therefore fails to plead any plausible facts suggesting he can meet the statutory jurisdictional requirement. *See Chase* at 1070 (holding that a plaintiff must also show that the amount-in-controversy is nonspeculative in order to satisfy the statutory requirement). As a result, even under the most liberal construction, the plaintiff has not presented a valid basis for federal jurisdiction over his claims.

## CONCLUSION

For the reasons explained above, the complaint, filed *in forma pauperis*, is dismissed without prejudice. The Court grants the plaintiff leave to file an amended complaint within thirty days of this Order. All proceedings are stayed for thirty days or until further order of the Court. If the plaintiff chooses to file an amended complaint, the complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure by stating the basis for federal jurisdiction and the factual allegations supporting the plaintiff's claims against each defendant. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

The Court encourages the plaintiff to make an appointment with the Federal Pro Se Legal Assistance Project, which provides limited representation to *pro se* litigants in this district.[2]

If the plaintiff does not file an amended complaint within the time allowed or show good cause why he cannot comply, the Clerk of Court is respectfully directed to enter judgment and close this case. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                            s/Ann M. Donnelly
                                            ANN M. DONNELLY
                                            United States District Judge

Dated: Brooklyn, New York
       November 5, 2019

---

[2] The Clerk of the Court will mail a copy of the Pro Se Legal Assistance Project flyer attached to this Order to the plaintiff.